JUAN, FRANCISCO AND ROSARIO BIANCHI, Plaintiffs and Appellees, *v.* ESTELA BIANCHI ROSAFA, Defendant and Appellant.

No. 5480.   Argued January 12, 1931.—Decided February 5, 1931.

*J. Sabater* for appellant.   *Miguel A. García Méndez* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

After the expiration of a fifteen-year lease of several parcels of land situated in different municipalities, Juan,

Francisco and Rosario Bianchi brought two actions of unlawful detainer in different municipal courts. They then obtained from the district court an injunction *pendente lite,* restraining the defendant, Estela Bianchi Rosafa, from interfering with petitioners in the exercise of their right of re-entry, from obstructing delivery of the leased premises to Russell & Company under a new lease, and from interfering with the work of said new lessee preparatory to the growing of the next crop.

Estela Bianchi appeals and says that the district court had no power to issue the injunction *pendente lite,* because the municipal courts were without jurisdiction in the unlawful detainer proceeding.

Estela Bianchi was (nominally at least) a sub-lessee. In 1915 the properties in question belonged to Successors of Bianchi who leased them to Enrique O. Green, the lessor of appellant. Thereafter on dissolution of the firm, Successors of Bianchi, the title to these properties passed to petitioners, theretofore members of the firm.

Section 1474 of the Civil Code reads as follows:

"The purchaser of a leased estate has a right to terminate the lease in force at the time of making the sale, unless the contrary is stipulated, and the provisions of the Mortgage Law (prevent).

"If the purchaser should make use of this right, the lessee may demand that he be permitted to gather the fruits of the crop corresponding to the current agricultural year and that he be indemnified by the vendor for the losses and damages he may have suffered."

In the case of a tenancy at will an action of unlawful detainer must be brought in the district court. The argument is that on the dissolution of the firm, Successors to Bianchi, defendant became a tenant at will. It assumes that when the title to the leased properties passed to the individual members of the extinct firm these new owners were "purchasers" within the meaning of section 1474. We need not stop to pass upon the merits of this theory.

It may be conceded without holding that on acquisition

of the leased property petitioners might have elected to terminate the lease. If they had any such option, they did not attempt to exercise it. On the contrary, the sub-lessee from year to year after dissolution of the firm, paid the rental directly to petitioners. It follows that she is not now in a position to say that the lease terminated on dissolution of the partnership.

The firm Successors of Bianchi was dissolved in 1925. Both the contract of lease and the contract of sub-lease expired simultaneously on August 15, 1930. Petitioners as the owners of the leased properties were the only possible plaintiffs in an action of unlawful detainer. The sub-lessee holding over under an expired lease, was not a tenant at sufferance in the sense that would confer exclusive jurisdiction upon the district court. *Cerra* v. *González*, 29 P.R.R. 270; *Roger* v. *López Acosta*, 28 P.R.R. 523.

Another contention is that the district court erred in granting the injunction, because of an alleged dispute as to boundaries, identification of the property, and title. We do not find that plaintiffs' title to the leased premises has been seriously questioned. Appellant is not the owner of any adjoining properties. One of these properties was purchased from her in 1918. Beyond this she is not shown to have any interest in whatever confusion there may be as to boundaries, nor in the alleged difficulty of identification. In so far as she is concerned, the error, if any, was harmless.

The last contention is that the district judge erred in his finding as to irreparable injury and multiplicity of actions. We think the showing made by plaintiffs was sufficient in both respects.

As a general rule an injunction will not issue to transfer the possession of land, but there are certain well recognized exceptions. 32 C. J. 134, sec. 178; Id. 131, 132, sections 173, 174. In this jurisdiction where the restorative interdict of the Roman Law has been re-established by legislative enactment (Session Laws 1917, Vol. II, 220) the notion of a man-

datory injunction for the delivery of possession is not novel. Section 1481 of the Civil Code expressly provides that: ''The outgoing lessee must permit the incoming one the use of the place and of all other necessary means for the preparatory labor for the following year, and, mutually, the latter is obliged to permit the outgoing one all that may be necessary for the gathering and enjoyment of the fruits, all in accordance with the customs of the place.'' In the instant case there is no question of away-going crops.

The district court held that this was an exceptional case. We concur in that view.

The injunction granted was a temporary provisional measure pending a final determination of the action for unlawful detainer or further order of the court. Respondent was not in possession under any claim of right. She denied that she was in possession at all and did not assert any right to possession. She has no interest whatever, either as sublessee, or as owner of any adjoining property, in the alleged confusion of boundaries or difficulty of identification. The total area of the properties involved in the unlawful detainer proceedings was not more than eighty-five *cuerdas*. The yearly rental was $550. The new lease of these and other properties to Russell & Company was at the rate of $75,000 per annum. At the time of its execution the price of sugar was $4.75. At the time of the trial it was $3. Russell & Company had threatened to bring an action for the rescission of this contract if they were not put in immediate possession of the eighty-five *cuerdas*. In the event of such rescission there was no prospect of finding a new lessee at a rate similar to that paid by Russell & Company, nor a single lessee other than Russell & Company who could take over the whole of the leased property. Respondent was without any visible assets. Petitioners were required to furnish a bond for five thousand dollars as a condition precedent to the issuance of the injunction. This was ample security for any damage or

loss to respondent. The general rule already stated does not mean that a court of equity is powerless to prevent a multiplicity of suits or to protect a lessor from irreparable injury by the granting of a temporary injunction even though the effect of such a writ be to oust a lessee who is holding over after the expiration of his lease without any claim or shadow of right to possession of the leased premises pending the result of an action for unlawful detainer.

The order appealed from must be affirmed.